```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA                                          :
                                                                  :
              -v-                                                 :      19-CR-17 (JMF)
                                                                  :
KHALID ALBOUSHARI,                                                :      MEMORANDUM OPINION
                                                                  :      AND ORDER
                          Defendant.                              :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Defendant Khalid Alboushari was convicted, following a guilty plea, of six counts of international parental kidnapping. On October 10, 2023, after a *Fatico* hearing at which Alboushari's ex-wife (among others) testified, the Court sentenced Alboushari to 92 months' imprisonment — well above the Guidelines range of 21 to 27 months' imprisonment, but below the sentence the Government had requested. *See* ECF No. 52 ("Tr."), at 71; *see* ECF No. 57 ("Gov't Opp'n"), at 5-8. As summarized by the Second Circuit on appeal, the Court found "that: Alboushari abused his wife and their children for many years; committed passport fraud and then kidnapped six of his children from their mother, keeping them separated for nearly four years; neglected and traumatized the kidnapped children during that time by depriving them of food, clothing, and education; harassed and threatened to kill his wife on numerous occasions; attempted to flee from Saudia Arabia into Yemen to avoid extradition; lied to the district court in a sworn affidavit; and would continue to pose a significant danger to his wife and their children following his release." *United States v. Alboushari*, No. 23-7393-CR, 2024 WL 5116363, at *3

(2d Cir. Dec. 16, 2024), *cert. denied*, 145 S. Ct. 1948 (2025); *see* Tr. 38, 69-70.  Thereafter, the Second Circuit affirmed, and the Supreme Court denied certiorari.

Proceeding without counsel, Alboushari now moves, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), for a reduction of his sentence — also known as "compassionate release." *See* ECF No. 55 ("Motion").  As relevant here, Section 3582 provides that the Court "may reduce" a defendant's term of imprisonment "if it finds" (1) "that . . . extraordinary and compelling reasons warrant such a reduction" *and* (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a).  *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Fernandez*, 104 F.4th 420, 426-27 (2d Cir. 2024); *United States v. Brooker*, 976 F.3d 228, 233-37 (2d Cir. 2020).[1]  As the Second Circuit has held, "an 'extraordinary' reason is 'most unusual,' 'far from common,' and 'has little or no precedent,'" or is "'beyond or out of the common order,' 'remarkable,' and synonymous with 'singular.'" *Fernandez*, 104 F.4th at 428 (cleaned up). Meanwhile, "[a] 'compelling' reason 'is both powerful and convincing.'" *Id.* (cleaned up).

Measured against these standards, Alboushari's motion falls far short, substantially for the reasons stated by the Government in its opposition.  *See* Gov't Opp'n 9-10.  Put simply, Alboushari's arguments — even taken together — do not rise to the level of "extraordinary and compelling reasons" within the meaning of the statute.  He principally claims that his 89-year-old mother in Sudan is ailing and that "he is the only available caregiver for his elderly and infirm mother."  Motion 4.  He acknowledges that he has seven siblings, including one who lives

---

[1] Where, as here, a defendant himself moves for compassionate release, the statute also imposes a mandatory exhaustion requirement.  *See* 18 U.S.C. § 3582(c)(1)(A).  Alboushari appears to have satisfied it.  *See* Motion 3-4.  In any event, the Government does not oppose the motion on that basis.

in Sudan, four who live in the Middle East, and two who live in Egypt but asserts that they are unable, for one reason or another, to care for their mother. *See* ECF No. 60 ("Reply"), at 3. But given Alboushari's history, including his commission of passport fraud and his lies to the Court, there are ample reasons to doubt these claims, which are thinly supported at best.

In any event, even if the claims are true, the Court concludes that a reduction would not be "consistent with" the Section 3553(a) factors. *See, e.g.*, *United States v. Jones*, 17 F.4th 371, 374 & n.3 (2d Cir. 2021) (noting that "a district court's reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release" (internal quotation marks omitted) (citing cases)). Just two years ago, the Court carefully considered the Section 3553(a) factors and reasoned that they called for the sentence imposed. Moreover, it did so even though Alboushari pressed the exact argument that he presses here, that he was needed to care for his then-85-year-old ailing mother. *See* Gov't Opp'n 5-6. The Court's reasoning "still applies with full force today." *United States v. Saleh*, No. 93-CR-181 (LAP), 2023 WL 158444, at *5 (S.D.N.Y. Jan. 10, 2023). Most significantly, Alboushari's release — after little more than two years' custody — would pose a significant danger to his ex-wife and children, who are still young and, thus, more susceptible to his influence. *See* Tr. 70 (observing that the imposed sentence "doesn't get the children all to the age of maturity, but it does get them a substantial part of the way there, and I think that is the appropriate sentence in this case").

For the foregoing reasons, Alboushari's motion is DENIED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF No. 55 and to mail a copy of this Memorandum Opinion and Order to:

> Khalid Alboushari
> Register No. 91490-054
> FCI Fort Dix
> Federal Correctional Institution
> P.O. BOX 2000
> Joint Base MDL, NJ 08640

SO ORDERED.

Dated: November 24, 2025
New York, New York

JESSE M. FURMAN
United States District Judge